UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

NORCAL GOLD, INC., a California corporation;

        Plaintiff,

  v.

STEVE C. LAUBLY; BERNADETTE LAUBLY; UNITED STATES OF AMERICA, INTERNAL REVENUE SERVICES;

        Defendants.

NO. CIV. S-07-0192 WBS KJM

ORDER RE: MOTION TO DISMISS

----oo0oo----

        Plaintiff Norcal Gold, Inc., brought this action in interpleader against defendants Steve C. Laubly and Bernadette Laubly ("Laubly defendants") and the United States of America ("United States"). Defendant United States now moves to dismiss plaintiff's suit for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1).

        Plaintiff predicates jurisdiction upon 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1340 (internal revenue), and supplemental jurisdiction state law claims under 28 U.S.C. §

1

1367.  Federal jurisdiction is proper in an interpleader action under Federal Rule of Civil Procedure 22 if the plaintiff's interpleader claim anticipates claims of the defendants which would arise under federal law.  <u>Morongo Band of Mission Indians v. California State Board of Equalization</u>, 858 F.2d 1376, 1384 (9th Cir. 1988).

        Here, plaintiff holds money that it may owe either to Steve and Bernadette Laubley or to the United States.  The United States' claim to the money arises out of an alleged tax debt of the Laubleys.  The Internal Revenue Service has issued a notice of levy to plaintiff stating that defendant Steve Laubly owes the IRS $69,946.22.  Mr. Laubly, on the other hand, has sent a letter to plaintiff stating that the levy was unlawful and improper.  This is precisely the kind of situation interpleader actions were designed to cover.

        The United States' claim to the funds is based on federal law, i.e. a federal tax lien.  The Eight Circuit has held that federal jurisdiction is conferred when an interpleader claim involves matters affecting the nature and operation of tax liens.  <u>St. Louis Union Trust Co. v. Stone</u>, 570 F.2d 833, 835 (8th Cir. 1978).  Because the Laublys dispute the validity of the levy, the nature and operation of the liens are affected.  <u>Bell & Beckwith v. United States</u>, 766 F.2d 910 (6th Cir. 1985), cited by the United States, is distinguishable because the dispute between the two defendants in that case was purely a question of state law, in which the validity of the IRS's lien was not in dispute.

        Although the Ninth Circuit has not specifically addressed the question, in <u>Broadcast Music, Inc., v. Hirsch</u>, 104

2

1  F.3d 1163, 1165 (9th Cir. 1997), where a company which licensed
2  public performance rights in copyrighted musical performances
3  brought an interpleader action to determine whether the
4  taxpayer's creditors or the IRS had the right to the taxpayer's
5  assets, the Ninth Circuit stated, "[t]he district court had
6  jurisdiction under 28 U.S.C. § 1331. Id. (citing Commercial
7  Nat'l Bank of Chi. v. Demos, 18 F.3d 485, 489 n.6 (7th Cir.
8  1994).

   For the foregoing reasons, the court concludes it has federal question jurisdiction over plaintiff's interpleader claim here. Significantly, the United States concedes that if its motion to dismiss were to be granted, plaintiff could file a complaint in state court, which the United States would then remove to this court pursuant to 28 U.S.C. § 1442. Such a circuitous route to get to the same point is not one to be encouraged.

   IT IS THEREFORE ORDERED that the United States' motion to dismiss be, and the same hereby is, DENIED.

DATED: July 3, 2007

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

3